May it please the court, I am David Camp, attorney representing Chantel Courtney, appellant in this matter. This case is a social security case involving an RFC finding and a VE's hypothetical question including limits not described by the DOT or the SCO or any other administrative notice publication. It therefore being impossible for the DOT to be the full basis for the VE's opinion, the ALJ did not elicit any additional non-DOT basis for that and the VE acknowledged the lack of any non-DOT basis indicating he was reading directly from the DOT and nothing further. The ALJ adopted that opinion without discussion in the ALJ's written decision and that opinion was outcome determinative at step 5 of the sequential evaluation. And this case turns on the burden of production of vocational evidence that is the Commissioner's burden at step 5. That is found in 404.15.60.20 CFR. In order to support a finding that you are not disabled at this fifth step we are responsible for providing evidence that demonstrates that other work exists. What constitutes that support and what constitutes the Commissioner having provided evidence that demonstrates. That section can be interpreted in light of the general duty to consider all evidence on a Social Security case for whether it is reliable, sufficient, consistent, ambiguous, valuable, persuasive. These are the terms used in both the prior and the current versions of 404.15.20B with reliable coming from 404.15.66. Social Security's regulatory standard appropriately lesser than the federal rules of evidence but not nothing. An ALJ by policy, by the Commissioner's policy in HALEX is to weigh an opinion, a vocational expert's opinion. That's at I-2-5-48. The VE's opinion is not binding on the ALJ. The ALJ must weigh a VE's opinion along with all other evidence. That was not done here. There's no indication that it was done. If it were done it would reveal that there was no basis extra dot for the vocational expert's opinion. There are two ways to view the question raised in this appeal. As a question of apparent conflicts, an application of 00-4P, the ruling, or as a question of the Commissioner's burden of production and the duty to consider opinion evidence appropriately, including vocational opinion evidence. I've argued the point primarily as the latter but this court may consider the former equally. The difference is really just terminology. The parties agree there is no direct conflict here. This is a question of vocational opinion that is beyond not described by the dot. While SSR 00-4P and the Commissioner's policy includes references to this situation where VE opinion is about information not listed in the dot, we argue the way to view those references and the regulatory structure in general is to leave in place the Commissioner's burden of production of vocational evidence at step 5. The only burden the Commissioner acknowledges throughout the sequential evaluation with a duty to either confirm it is fully supported by the administrative notice publications which include the dot or to obtain and then consider additional bases. Those information obtained directly from employers or from a VE's experience and job placement or career counseling. That's a quote from 00-4P. There is alternatively the Welsh v. Colvin case from this circuit, from this court, that said VE's personal experience observing the jobs listed or her and her professional reliance on a survey of employers and employees reported in a That's what we seek, that standard, that language. It did not occur here. In Welsh, the ALJ stated in the hearing, you've gone, to the vocational expert, you've gone beyond what they say in the dot and you've explained the basis for your opinion today okay. The ALJ engaged the VE in a discussion of the basis for answers that could not find support in the dot and this court treated those deference. They were fact issues for the ALJ to resolve and the ALJ did so, so this court declined to further consider the next steps which were whether the VE's personal experience was insufficient or whether the scholarly literature was unreliable. That's the only standard we seek here. Lowering the ALJ may accept unquestioningly any pronouncement by a VE, however far afield of the dot and however baseless. It undermines and renders pointless the last decade of improvements to Social Security decisional quality from this circuit. While the Commissioner takes steps to lessen the obligation of ALJs to consider evidence and to articulate rationale. Is there some specific aspect of the VE's testimony that is defective, that would have been brought out and shown by the analysis which you're saying is legally required? I mean if the ALJ reviews the record, doesn't have a problem with the information that's presented, it's presented professionally and finds it acceptable, what justification for the reliance? The duty that is the Commissioner's to produce a vocational opinion that addresses the question and the question included five functional limits that the dot does not anticipate. Non-exertional, non-exertional impairments. Yes, and that is why I view this issue as so similar in reasoning to this court's opinions that when there is a mental impairment, a vocational expert is required because the dot does not answer the question and nor do the grids. The dot and the grids being based on the same information. This court's opinions that when there is a conflict that is direct or apparent, for example, overhead reaching with a limitation, that a vocational expert should address that and the logic behind that is that you have a vocational expert present in the hearing and the vocational expert can explain references, opinions, information beyond the dot and when you have a limitation on memory, when you have a limitation on decision-making, when you have a limitation, non-exertional, mental, that the dot is not addressing, that the Department of Labor does not study, that we don't have in one of the administratively adopted references. That's why the vocational expert is sitting there and the point of having the vocational expert in the hearing is not merely to swear in someone who will just give the answer and that's the end of the analysis. The point is to look into the basis, to have there be a reason to accept the opinion. The 1560 standard is evidence that demonstrates, not just could demonstrate because the vocational expert said the ultimate conclusion, not presumably or an assumption. Isn't that taken care of in that presumably the vocational expert is qualified by training and experience and typically the record will include the resume and background and qualifications of the vocational expert. Doesn't that take care of this concern? It sounds like you're arguing that there needs to be something more to show or establish that the vocational expert is qualified to give these opinions. Yes. What would it be? That there is an additional basis akin to the additional basis sought when there's a direct conflict. If the resume were sufficient to establish a resolution to that lack of information, if the resume were sufficient, it would be sufficient in the direct conflict situation as well. If a vocational expert testifies that a job is sedentary when the dot says it's light, but the resume explains that the vocational expert has a background. We require the ALJ to inquire about that difference and resolve it and describe that resolution in the opinion. Is there any conflict in this case between the opinion and the DOT? It's our position that there, well, there is no direct conflict. It is possible to view this lack of a basis as an apparent conflict. The issue is that there could be. The issue is that there was no evidence as to the actual basis for the vocational expert's opinion and that prevents us from having a step five analysis that is sufficient. Thank you, Mr. Stewart. Thank you, your honors, and may it please the court. My name is Sean Stewart. I'm an attorney with the Social Security Administration. I'm here on behalf of the This morning, the appellant is asking the court to apply an entirely new standard to an ALJ's use of vocational expert testimony. Their argument seeks to impose a new requirement as to the ALJ's questioning of a vocational expert at an administrative hearing, as well as to the ALJ's articulation about the vocational expert's testimony in the ALJ's ultimate disability decision. The Act, Nowhere in Agency regulations, and Nowhere in Eighth Circuit case law. This court has long held that step five of the sequential evaluation process, the ALJ is entitled to rely on the testimony of a vocational expert. That testimony is substantial evidence that can support a step five determination. The appellant's argument is based on a selective citation of regulations and agency regulatory guidance, some of it taken out of context, some of it not even in effect at the time of the ALJ's decision in this case. And through that, is asking the court to apply an entirely new standard to the ALJ's use of vocational expert testimony. If the court were to adopt appellant standard, it would represent a fundamental change in an unworkable process for ALJs to engage in in making disability determinations. As appellant stated, there is a shift of production at step five of the sequential process. The burden of production shifts to the commissioner to provide evidence establishing that the claimant can perform jobs that exist in significant numbers in the national economy. To accomplish that task, the administration has taken notice of a number of sources of vocational information in the regulations. The most commonly used one is the Dictionary of Occupational Titles, or DOT. In the regulation, the agency also states that it will use, if necessary, vocational experts to provide testimony and evidence to meet the agency's step five burden. In many cases, including the case today before the court, the use of a vocational expert is necessary because the claimant had a mental impairment resulting in non-exertional limitations, meaning you can't apply the grids, so we need vocational expert testimony. That's exactly what the ALJ did. The ALJ posed a hypothetical question that included all the limitations in the ALJ's RFC determination. The vocational expert testified that such an individual could perform jobs that exist in significant numbers. Was the claimant represented at the hearing? Yes, she was. Judge Smith, yes. Did the representative question the VE in any respect? There were alternative hypothetical questions posed, which is often the case because this is a non-adversarial process. It's more of an inquisitive process. Both sides, or not both sides, but both the ALJ and the claimant are free to ask numerous questions of the VE, alternate hypothetical questions. They can ask the vocational expert about the basis of their testimony. Some questioning went on today, but there was no objection or anything to the vocational expert's hearing. Well, to follow up on what Judge Smith said, that's one of the things I was wondering about. Is there any, as I understand what the claimant is saying in this case, is that once the expert said there's no conflicts between the dictionary and the vocational testimony, that they should have gone a step further and said, well, then how did you come up with these jobs or something to that effect? Right. And that's what the ALJ didn't do. Is there any, do you feel that there's any obligation on the claimant's attorney to ask that question, if they're represented? And should the rule be any different if they're unrepresented versus represented? No, there's no obligation for the claimant's attorney to ask if there's a conflict. In itself, to resolve conflicts. At step five... We're not talking about, as I understand, this issue isn't conflicts. This is just, it's not covered. Right. Because, as I understand, if it's a conflict, you are required to develop the record further. Right. No, if there's not a conflict, there aren't any cases in the Eighth Circuit that say that the ALJ is required to engage in additional  That foundation is set forth because the vocational expert is, in fact, an expert. Their CV or resume is included in the record in this proceeding. The claimant has to be given an opportunity to review that. If there are any questions about whether or not the vocational expert is qualified, those can be posed. A claimant can object to a vocational expert serving as an expert. That didn't happen in this case. Well, the argument, at least in the brief, there's an argument made that in this case, the ALJ, I guess the argument would be, instead of performing the function of an expert, relying on his own I would argue that's a misreading of the record, Judge Shepard. In this case, in response to a specific question about whether his testimony was consistent with the DOT, the vocational expert said, yes, and so maybe the fact of, I'm looking at it right here. First of all, the assumption, anytime there's a vocational expert, the VE has been summoned based on their expertise. So they're going to be testifying based, in part, on their expertise. In addition, if you look at the other aspects of the VE's testimony at the hearing, the VE testified about an issue involving elevating feet, and the vocational expert basically said, based on my experience, or from what I know, that would not be allowed by an employer. The vocational expert also offered testimony in response to alternate hypothetical questions posed by the claimant's representative about absenteeism. Again, that's not something covered by the DOT, so obviously it's coming based on the vocational expert's experience in academic training. Now, I assume, I haven't looked at the transcript here, but I assume that the vocational expert came up, in response to the hypothetical question, he came up with some jobs that that this hypothetical claimant could, described in the question, some jobs that that person could perform. Yes, you are correct. Yes. And they were jobs that are found in the DOT. Yes. Did he go further, and he or she go further, and testifies to the number of jobs, a number of those jobs that are present in the economy? Yes, the vocational expert did identify the jobs. In terms of cashier, the vocational expert testified that there are almost 1.7 million such jobs in the national economy, and those vocational experts' numbers will generally be taken from the Bureau of Labor Statistics. The numbers are not found in the DOT? That's correct. Yes, that's taken from another source, generally the Bureau of Labor Statistics. And again, the vocational expert does research on these matters, and is familiar with those numbers, based on their expertise and academic background. Just very quickly, both SSR 00-4P and the Welsh case, both of those that serve as the the the basis of the appellant's argument in this case, involved a situation where there were conflicts. The SSR imposes a duty on the ALJ in a limited situation, where there's a clear conflict, or at least an apparent conflict, between the DOT and the VE's testimony. The parties agree that's not present in this case. Appellant's contention that the lack of a basis for the vocational expertise is a conflict, that's not found in any Eighth Circuit case law that I know of, and it's certainly not anything that's found in the regulations. In the Welsh case, it was an application of 00-4P. In that case, there was a conflict. And in that case, because the ALJ had an obligation, in that case, because there was a conflict, the ALJ had an obligation to engage in the further questioning the appellant is arguing is required in this case. But because there was no conflict here, that additional questioning simply wasn't required. Under long-standing precedent in the Eighth Circuit, the ALJ was entitled to rely on the vocational expert's opinion, because he was an expert. Finally, very quickly, the appellant's position that an ALJ is required to articulate the weight that's entitled to a vocational expert's opinion, that's a misapplication of the regulation that applies to medical opinion evidence to other evidence in the record, including, in our case, vocational expert opinion. The regulations require an ALJ to state the weight afforded to a medical opinion, not to a vocational opinion. It's true the ALJ is not bound by a vocational expert opinion. In cases where they choose not to utilize that opinion, they will articulate the reasons for that in their decision. But here, as in the vast majority of cases I've seen, the ALJ finds that the vocational expert's testimony serves as a proper basis for the Step 5 finding. So, just in conclusion, the appellant's argument, they can't cite any statute, regulation, ruling, or any precedent for their position. The vocational expert's testimony was substantial evidence in support of the ALJ's decision. Thank you. Thank you, Mr. Stewart. Mr. Camp, I believe you used all your time, but if you heard something just now in the government's reply that you think we really need to hear to properly assess your case, I'll give you a minute to bring it to our attention. Yes, the government's stated that we are unable to point to a regulation requiring the weighing of anything more than a medical opinion. We cited to a policy HALEX for that, that specifically states that vocational opinion is to be weighed because it's not binding on the ALJ. And last, I wanted to address their statement that this is an unworkable standard, while they acknowledge that it is, to a much greater extent, a standard in the Seventh Circuit. They cited that they have a lot of claims each year, millions of claims filed, and nothing else. Very similar to citing only to the DOT, when the DOT doesn't really provide the answer, the actual answer is a couple more questions deep. In the Seventh Circuit, there's absolutely no evidence that hearings take longer or that ALJs are less productive. The very same website explains that the Seventh Circuit hearing offices are, in fact, per ALJ per day a bit faster than the Second and the Sixth. So there is a bit more to be gathered by asking another question. Thank you, counsel. Court, thanks, both of you gentlemen, for your presence and the support. We'll take your case under advisement.